IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY SMITH,                          No C-08-5241 VRW (PR)

       Plaintiff,

    v                                   ORDER OF DISMISSAL

GREG AHERN, SHERIFF, et al,

       Defendant(s).           (Doc # 6)

                                    /

I

     Plaintiff, an inmate at Santa Rita County Jail in Dublin, California, has filed a pro se complaint under 42 USC § 1983 alleging that he was wrongly arrested by the Piedmont police department and wrongly convicted of burglary and sentenced to 38 years to life in Alameda County superior court.

II

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 USC § 1915A(a).

The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v Atkins, 487 US 42, 48 (1988).

III

Plaintiff's civil suit against the defendants on account of their involvement in his alleged wrongful arrest and in helping secure his alleged wrongful conviction and sentence must be DISMISSED WITHOUT PREJUDICE under the rationale of Heck v Humphrey, 512 US 477 (1994). See Trimble v City of Santa Rosa, 49 F3d 583, 585 (9th Cir 1995).

Heck generally bars claims challenging the validity of an arrest, prosecution or conviction. See Guerrero v. Gates, 442 F3d 697, 703 (9th Cir 2006). Further, Heck bars a § 1983 action for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, as is the case here, unless the conviction or sentence first has been reversed on direct appeal, expunged by

2

1  executive order, declared invalid by a state tribunal authorized to
2  make such determination, or called into question by a federal
3  court's issuance of a writ of habeas corpus.  <u>Heck</u>, 512 US at
4  486-87.  Because plaintiff's conviction has not yet been so
5  invalidated, his civil suit against the defendants is not cognizable
6  under § 1983.  See <u>id</u> at 487.

7  Any claim by a prisoner attacking the validity or duration
8  of his confinement must be brought under the habeas sections of
9  Title 28 of the United States Code.  <u>Calderon v Ashmus</u>, 523 US 740,
10 747 (1998).  Plaintiff's request for a new trial, therefore, also
11 must be DISMISSED WITHOUT PREJUDICE to him filing a petition for
12 writ of habeas corpus under 28 USC § 2254 after exhausting state
13 judicial remedies.  <u>See</u> <u>Trimble</u>, 49 F3d at 586.

IV

For the foregoing reasons, the action is DISMISSED WITHOUT PREJUDICE.

The clerk shall close the file and terminate all pending motions as moot.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.08\Smith-5241-heck dismissal.wpd

3